IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

United States of America,

      Plaintiff,

v.

      Case No. 09-CR-30101-MJR

John Bacon,

      Defendant.

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      This is not the first time that Defendant John Bacon has moved for the Court to dismiss the indictment charging him with conspiracy to commit illegal dogfighting, *see* **18 U.S.C. § 371 (2006) (prohibiting conspiracy to commit offenses against the United States); Animal Welfare Act § 26(a), (b), 7 U.S.C. § 2156(a), (b) (2006) (making it an offense to exhibit an animal in an "animal fighting venture" or knowingly sell, buy, possess, or transport an animal for purposes of an "animal fighting venture); *id.* § 26(g), 7 U.S.C. § 2156(g) (defining "animal fighting venture" as "any event, in or affecting interstate or foreign commerce, that involves a fight . . . between at least two animals for purposes of sport . . . .").** He originally moved pro se while represented by counsel (Doc. 71), and the Court accordingly denied his motion with leave to re-file (Doc. 79). After Bacon knowingly waived his right to court-appointed representation, the Court relieved counsel for Bacon (Doc. 85), and Bacon took the opportunity to re-file his motion (Doc. 88). Unfortunately for Bacon, as his arguments are without merit, the Court will deny his motion.

      When glancing at Bacon's motion, it seems at first that it should be denied as

frivolous. The title of the motion is "Motion to Dismiss for Lack of Territorial Jurisdiction"; the motion also refers to the supposed lack of territorial jurisdiction throughout, arguing that the United States government lacks "exclusive jurisdictional authority over the exact geographical location where the alleged criminal activity mentioned in the indictment took place."[1] The Seventh Circuit considers these arguments utterly frivolous. ***See, e.g.*, *United States v. Mosely*, 186 F. App'x 670, 671–72 (7th Cir. 2006) ("[Mosely, pro se,] proposes a single argument of his own: that the indictment must be dismissed because he was denied a hearing on the question whether 'the "United States" has territorial jurisdiction over the exact location where the alleged "laws of the United States" were violated.' We have explicitly held that such arguments are frivolous."); *United States v. Banks-Giombetti*, 245 F.3d 949, 953 (7th Cir. 2001) ("[Defendant's] challenge to the federal territorial jurisdiction of the district court is frivolous and requires no further discussion.").** To the extent that Bacon is making this argument, his motion should be denied.

Bacon also appears to move that the Court dismiss the case for lack of subject-matter jurisdiction; on page 23 of his motion, Bacon seems to assert that the Court lacks diversity jurisdiction. ***See* 28 U.S.C. § 1332 (2006) (granting district courts jurisdiction over civil suits of $75,000 or more when the parties are not citizens of the same state).** This lawsuit is not brought under the Court's diversity jurisdiction, though. The case is brought under the Court's exclusive

---

[1]Bacon is right that the United States does not have exclusive authority over the territory within the boundaries of Illinois, but of course neither does the State of Illinois. The two governments share authority, which is why his argument is not well taken. The United States exercises some powers exclusively, ***see* U.S. Const. art. I, § 8,** while Illinois exercises other powers exclusively, ***see* U.S. Const. amend. X**, and the two of them exercise the balance concurrently, with the United States trumping if there is a conflict, ***see* U.S. Const. art. VI par. 2 ("This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.").**

jurisdiction over cases concerning federal criminal law. *See* **18 U.S.C. § 3231 (2006) ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.");** *see also* **U.S. Const. art. III, § 2 ("The judicial power shall extend to all cases, in law and equity, arising under this Constitution,** *the laws of the United States***, and treaties made, or which shall be made, under their authority; . . . ." (emphasis added)).** Because the indictment charges Bacon with the violation of a law of the United States, presence of diversity jurisdiction is irrelevant. Accordingly, Bacon's motion should be denied to the extent it argues a lack of diversity jurisdiction.

The Court recognizes that, because Bacon is proceeding pro se, Bacon may be using legal terms of art in ways that members of the bar of the Court would not normally employ, so the gist of Bacon's motion may actually be a non-frivolous ground for dismissal. After carefully examining Bacon's motion, the Court concludes that Bacon is arguing that Congress exceeded its authority under the Interstate Commerce Clause, **U.S. Const. art. I, § 8, cl. 3**, when it enacted the prohibitions against dogfighting contained in § 26 of the Animal Welfare Act. Because Bacon was indicted under that statute, if Bacon is right, then the Court would lack subject-matter jurisdiction and then dismissal would be appropriate. Unfortunately for Bacon, his argument is without merit.

Congress has the power, though the Interstate Commerce Clause, to enact three types of laws. Congress can first enact laws regulating "the use of the channels of interstate commerce." ***United States v. Lopez*, 514 U.S. 549, 558 (1995).** Second, Congress can regulate "the instrumentalities of interstate commerce, or persons or things in interstate commerce" even when the instrumentalities are used in purely intrastate activity. ***Id.*** Finally, Congress can regulate "activities having a substantial relation to interstate commerce." ***Id.* at 559.** In order to regulate

activity that is substantially related to commerce but which is not commerce itself, Congress is required to include a jurisdictional element that the regulated activity has a nexus to interstate commerce. ***Id.* at 561 (citing *United States v. Bass*, 404 U.S. 336 (1971)).** Including the jurisdictional element "ensure[s], through case-by-case inquiry," that the activity being regulated does in fact affect interstate commerce. ***Id.*** The lack of a jurisdictional element was one of the major problems that the Supreme Court saw with the Gun-Free School Zones Act in *United States v. Lopez*. ***Id.***

The requirement of the jurisdictional element from *Lopez* is satisfied in this case. The federal prohibitions against animal fighting only come into play when "an event, *in or affecting interstate or foreign commerce*" occurs that involves "a fight conducted or to be conducted between at least two animals for purposes of sport, wagering, or entertainment." **Animal Welfare Act § 26(g), 7 U.S.C. § 2156(g) (emphasis added).** Because the terms of the statute only cover matters affecting interstate or foreign commerce, Congress has not exceeded its authority under the Constitution by prohibiting these kinds of animal fighting ventures.

The Court is not alone in making this conclusion. The Eighth Circuit made a similar analysis in *Slavin v. United States.* **403 F.3d 522 (8th Cir. 2005) (per curiam).** Slavin, a raiser of gamefowl, brought a preemptive civil suit when § 26 of the Animal Welfare Act was amended to include the transportation of birds in interstate commerce for the purposes of animal fighting. ***Id.* at 523.** She challenged the act as being outside the powers of Congress. ***Id.*** The court found her argument unpersuasive, holding that because the act contained the *Lopez* jurisdictional limitation, the act was well within the powers of Congress by only regulating the interstate and foreign movement of animals. ***Id.* (citing *Lopez*, 514 U.S. at 558; *United States v. Stuckey*, 255 F.3d 528,**

**529–30 (8th Cir. 2001)).** The Court is confident in its analysis given the concurrence of a federal Court of Appeals.

Finally, in an abundance of caution, the Court construes Bacon's motion as also challenging the sufficiency of the indictment in that the United States has not alleged sufficient conduct that would bring the accused conduct under federal regulation. When evaluating the sufficiency of a criminal indictment, the Court assumes that the allegations contained in the document are true and asks whether the indictment "state[s] all the elements of the crime charged," "adequately apprise[s] the defendants of the nature of the charges so that they may prepare a defense" and "allow[s] the defendant to plead the judgment as a bar to any future prosecutions." ***United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (citing *United States v. Castaldi*, 547 F.3d 699, 703 (7th Cir. 2008).** The Court's inquiry in this case, though, does not even need to go that far because Bacon only challenges whether the indictment states all the elements of the crime charged, and even then only challenges the presence of the jurisdictional element.

The indictment contains plenty of alleged acts that are in or affecting interstate commerce. The indictment first alleges that "the defendants and their co-conspirators did promote, sponsor, and exhibit dogs in animal fighting competitions in interstate commerce involving dogs that were moved across state lines." (Doc. 30, ¶ 4.) The indictment also details three separate events as the overt acts of the conspiracy. Bacon allegedly attended the first dog fight on November 15, 2008, which involved "a dog that traveled in interstate commerce to compete in the fight." (*Id.* ¶¶ 8, 9.) The alleged second dog fight occurred on March 22, 2009, at a location where Bacon allegedly kenneled his fighting pit bulls, and one of the owners participating in the fight "brought their dog across state lines for the dog to fight." (*Id.* ¶¶ 10, 11.) The alleged third event consisted of several

dog fights on April 18, again at the location where Bacon allegedly kenneled his fighting pit bulls, and the indictment stated that it involved dogs traveling in interstate commerce. (*Id.* ¶¶ 14, 15.) It also alleges that one of Bacon's dogs fought a dog that traveled across interstate lines. (*Id.* ¶ 15.) This is plenty of interstate activity for this conduct to fall within Congress' power over interstate commerce.

Because the statute under which the United States charges Bacon is Constitutional and because the United States alleges sufficient conduct affecting interstate commerce, the Court has subject-matter jurisdiction over this criminal matter. Confident that jurisdiction exists over this matter, the Court DENIES Bacon's motion to dismiss the indictment (Doc. 88).

The Court takes this opportunity, once again, to admonish Defendant Bacon that proceeding pro se is ill-advised, against his best interests and likely to increase the probability of a criminal conviction against him. The Court will quickly appoint counsel upon Bacon's request or will appoint stand-by counsel to assist him while he appears pro se. However, he should act quickly (within 7 days) since the trial date of November 30, 2009 at 9:00 A.M. remains firm and the case will not be continued to accommodate a late request.

IT IS SO ORDERED.

DATED November 5, 2009.


s/Michael J. Reagan
Michael J. Reagan
United States District Judge